IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

>Plaintiff-Respondent,

v.                                                   CIV 08-0382 LH/KBM
                                                     CR 04-2400 LH

JOSE GARCIA-CARDENAS,

>Defendant-Movant.

## ORDER ADOPTING MAGISTRATE JUDGE'S
## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

The Magistrate Judge filed her Proposed Findings and Recommended

Disposition on May 23, 2008 and granted Defendant two extensions in which to

file his objections.  *See Docs. 7-11.*  The objections provide that:

> Movant would like to take the opportunity to thank this
> Honorable Court for its generosity in having granted the
> previous continuances sought. . . .  After repeated
> requests for documentation (copy of Movant's case file)
> . . . from appellate counsel . . . to this day, such
> documentation has not yet been received, this impeding
> any and all further progress in this affair.
>
> Rather than insult the generousity (sic) of this
> Court with frivolous arguments, and ill-prepared
> objections, Movant humbly ***makes a general objection . . .***
> ***in an effort to preserve the issues therein,*** in the event

> that a copy of Movant's file is obtained, and the issue
> Movant believe to be meritorious when § 2255 Motion
> was filed, can be substantiated.

*Doc. 12* at 1-2 (emphasis added).

I note that general objections are not sufficient and waive appellate review, although in some circumstances the waiver may be excused.

> "[O]nly an objection that is sufficiently specific to focus
> the district court's attention on the factual and legal
> issues that are truly in dispute will advance the policies
> behind the Magistrate's Act that led us to adopt a waiver
> rule in the first instance." *United States v. One Parcel of
> Real Prop.,* 73 F.3d 1057, 1060 (10th Cir. 1996); *see also
> Soliz v. Chater,* 82 F.3d 373, 375-76 (10th Cir. 1996)
> (finding general objection "not sufficient to preserve the
> more specific issues plaintiff attempts to raise on appeal");
> Fed.R.Civ.P. 72(b) (requiring a party to file "specific"
> objections). While "[t]he waiver rule may be suspended
> when the interests of justice warrant, or when the
> aggrieved party makes the onerous showing required to
> demonstrate plain error," *Wardell v. Duncan,* 470 F.3d
> 954, 958 (10th Cir. 2006) (citation and quotation
> omitted), [Defendant] has offered no justification for
> invoking either of these exceptions and none
> affirmatively appears from the circumstances of the
> record. We therefore decline to consider issues three,
> four, five, and [part of six].

*Davis v. Astrue,* 237 Fed. Appx. 339, 342 (10th Cir. 2007).

I express no opinion whether Defendant's assertions are sufficient to overlook the general nature of his objections in the event that he appeals to the

2

Tenth Circuit.

Wherefore,

**IT IS HEREBY ORDERED THAT:**

1. The Magistrate Judge's Proposed Findings and Recommended Disposition (*Doc. 7*) is ADOPTED;

2. Defendant's § 2255 petition is dismissed **with prejudice;** and

3. A final order enter concurrently herewith.


SENIOR UNITED STATES DISTRICT JUDGE